In re PALOMBO FARMS OF COLORADO, INC., a Colorado corporation, f/k/a Angelo and Linda Palombo, d/b/a Palombo Farms and Angelo and Linda Palombo, individually, Debtors.

PALOMBO FARMS OF COLORADO, INC., and Angelo and Linda Palombo, individually, Plaintiffs,

v.

NATIONAL ACCEPTANCE CORPORATION OF AMERICA, INC., a Delaware corporation; American Western Banker, Inc., a California corporation; Western Camino Leasing, a California corporation; and Connecticut Mutual Company, a Connecticut corporation, Defendants.

Bankruptcy No. 84 J 0647.

United States Bankruptcy Court, D. Colorado.

Nov. 1, 1984.

Simon J. Freedman, Quiat & Dice, Denver, Colo., for plaintiffs.

Matthew D. Skeen, Lohf & Barnhill, P.C., Denver, Colo., for defendant Nat. Acceptance Co. of America.

Christian Onsager, Hellerstein, Hellerstein & Shore, P.C., Denver, Colo., for defendant American Western Banker, Inc.

## MEMORANDUM, OPINION, AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came before the court on the following motions:

1. Motion to Dismiss or to Abate and for Stay of Proceedings filed by National Acceptance Corporation of America, Inc., ("NAC") on October 9, 1984.

2. Motion for Continuance filed by NAC on October 11, 1984.

3. Motion to Shorten Time for Production filed by NAC on October 11, 1984.

4. Motion for Protective Order filed by Plaintiffs on October 15, 1984.

5. Motion to Bifurcate filed by Plaintiffs on October 15, 1984.

6. Motion for More Definite Statement of Cross-claim filed by NAC on October 18, 1984.

The original complaint was filed on June 28, 1984, and trial was set for October 19, 1984. That complaint sought only declaratory relief as to the value of certain real property under 11 U.S.C. § 506.

On August 7, 1984, Connecticut Mutual Life Insurance Company ("CMC") filed its Answer. On September 18, 1984, Plaintiffs filed a Motion for Leave to Amend and to Bifurcate Trial. The next day the court ordered Plaintiffs could file their First Amended Complaint which included much more property for which a valuation was

sought, plus several other claims for subordination of NAC's claims under 11 U.S.C. § 510. The court also ordered the § 510 claims would be bifurcated and tried at a date to be determined. The First Amended Complaint was actually filed September 24, 1984.

On October 1, 1984, American Western Banker, Inc., filed its Answer to the First Amended Complaint and a Cross-claim against NAC. This was followed by the flurry of motions now under consideration. In lieu of trial on October 19, 1984, the court held a hearing on the pending motions.

NAC asserts that a value determination under 11 U.S.C. § 506, which Plaintiffs seek here, can only be undertaken in connection with "allowed" claims. Further, because Plaintiffs herein have objected to NAC's claim, such claim is not "allowed" and, therefore, Plaintiffs cannot obtain the relief requested.

There is no definition of "allowed claim" in the Bankruptcy Code. However, 11 U.S.C. § 502(a) provides that a claim, proof of which is filed under § 501, is deemed allowed, unless a party in interest objects. The purpose of § 502(a) was to carry forward the evidentiary effect given to properly filed proofs of claim under former Bankruptcy Rule 301(b).[1] The Judiciary Committees of both Houses agreed that § 502(a) would effectuate no change in existing law or rule on this point. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 62 (1978), H.R.Rep. No. 595, 95th Cong., 1st Sess. 352 (1977).

■ Although § 502(a) prescribes the evidentiary effect of a proof of claim, it does not determine whether or not such a claim is "allowed". The case law provides that a claim is not "allowed" until a direct or indirect order of allowance is made. *In re Two Rivers Woodenware*, 199 F. 877 (7th Cir.1912). The mere filing of a proof of claim does not operate as an allowance because allowance is a judicial act. *In re Arcadia Restaurant Co.*, 19 F.Supp. 355

(D.C.PA 1937); *In re Nichols*, 58 F.Supp. 609 (D.C.NY 1943), *aff'd* 145 F.2d 447 (2nd Cir.1944). Thus, Plaintiffs having objected to NAC's claim, and no court determination having been made on that claim and objection, NAC's claim is not an "allowed" claim so as to trigger § 506.

Such a rule should come as no great surprise. It would be a great waste of judicial resources to make a value determination under § 506 only to have the entire claim disallowed at some future point in time.

In addition, § 506(a) mandates that the determination thereunder be made in light of the purpose of the valuation and of the proposed disposition or use of the property, *and* in conjunction with any hearing on such disposition or use or on a plan affecting the creditor's interest. Here, the Plaintiffs stated purpose is to determine to what extent the property can be returned to the creditors in satisfaction of their claims. But no such offer of surrender is contained in these pleadings. The only such offer is in a proposed Plan of reorganization filed by Plaintiffs in the underlying case. Thus, such a valuation must await the hearing on confirmation of the plan because any valuation established now would not be binding upon either the Plaintiffs or the creditors at the confirmation hearing. (See the House and Senate Judiciary Committee reports cited, *supra*). All that would be accomplished by continuing this action, would be an advisory opinion of no binding effect on any party. In short, it would be an exercise in futility.

■ This ruling is not inconsistent with Judge Clark's ruling that Debtor's previous *motion* for valuation under § 506 is properly the subject of an adversary proceeding. At first glance, that motion appears proper under Rule 3012, B.R. However, the Debtors have objected to NAC's claim drawing into issue the validity, priority, and extent of NAC's liens. Rule 7001(2), B.R., requires an adversary proceeding to resolve that objection to the claim. That

1. And former Bankruptcy Rule 301(b) was     merely an adaptation of § 57a of the 1898 Act.

determination as to the *allowability* of NAC's claim is prerequisite to any determination of the *value* of NAC's claim under § 506.

■ In Plaintiffs' First Amended Complaint, they also assert three (3) claims for subordination of NAC's claim under § 510. Such a claim is premature because, again, there has been no determination as to the allowability of that claim. It would be a waste of time, energy, and resources of all concerned to proceed with a protracted trial on subordination of a claim if that claim is ultimately disallowed. Accordingly, it is

ORDERED that:

1. The Motion to Dismiss filed by NAC is granted as to the First Claim for Relief in the First Amended Complaint for failure to state a cause upon which relief can be granted and such First Claim for Relief is dismissed.

2. The Motion for Stay of Proceedings filed by NAC is granted as to all other claims for relief until such time as the claim of NAC is allowed. At such time any party may, by motion, request that this stay be lifted and the court will proceed to establish a schedule for prosecution of the case.