**In the Matter of DENTE/PENDER, A Florida Partnership, Debtor(s).**

**Bankruptcy No. 86–160.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 27, 1986.

Samuel Dente, Jr. and Patrick Pender, for Dente/Pender.

Lynne L. England, Asst. U.S. Atty., Tampa, Fla., for U.S.

Daniel J. Herman, Largo, Fla., for debtor.

Robert J. Wahl, St. Petersburg, Fla., for Florida National Bank.

ORDER ON STIPULATION ON BANKS MOTION FOR ADEQUATE PROTECTION AND OBJECTION TO STIPULATION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER presented for this Court's approval in the above-captioned Chapter 11 case is a stipulation between the Debtor-In-Possession and Florida National Bank,

N.A. providing for adequate protection to the Bank to assure security for four of the Debtor-In-Possession's notes which the Bank holds and which are now in default. Under the terms of the stipulation, the Debtor-In-Possession proposes to grant a security interest in property acquired by the Debtor-In-Possession post-petition to Florida National Bank, N.A. superior to all pre-petition liens.

The Motion is objected to by the Government on the basis that a Government tax lien was properly perfected under 26 U.S.C. § 6323(a) & (f) and that it attached, when perfected, not only to property owned by the Debtor-In-Possession at the time of the attachment but also to any and all property acquired by the taxpayer thereafter. Consequently, the Government objects to the Debtor-In-Possession's proposal to grant Florida National Bank, N.A. a position superior to that of the Government with reference to property acquired by the Debtor-In-Possession post-petition. In support of its contention, the Government cites *Shawnee State Bank v. United States of America*, 735 F.2d 308 (8th Cir.1984), *Rice Investment Company v. United States of America*, 625 F.2d 565 (5th Cir.1980).

While both of the cited cases correctly state the law concerning the Government's position based on the statute cited and, while it is true that the tax lien reaches all property of the taxpayer owned at the time of assessment and also property acquired thereafter, this is not true when the taxpayer happens to be a Debtor-In-Possession under any operating chapter of the Bankruptcy Code.

None of the cases cited involves a Debtor-In-Possession-taxpayer. In order to find the proper answer, one must look to the Bankruptcy Code itself to determine the interplay between the Internal Revenue Code and the Bankruptcy Code.

The Bankruptcy Code does not specifically deal with the validity of secured interests in property acquired by the Debtor-In-Possession post-petition, with the exception of § 552 which, inter alia, provides that: "... property acquired by the estate or by

the Debtor-In-Possession after the commencement of the case is not subject to any lien resulting from any security interest entered into by the Debtor-In-Possession before the commencement of the case."

Thus, that Section, by its very own terms, is not applicable in the instant case since the Government's lien is not a consensual lien but is a statutory lien.

The treatment of secured claims, generally, is addressed by § 506 of the Bankruptcy Code which, inter alia, provides that: "an allowed claim ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of the creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation....".

There is nothing in this Section which differentiates between consensual, statutory, or judicial liens.

While in certain situations, valuation may be proper as of a date after the commencement of a case, for the purpose of determining the extent of the allowed secured claim, valuation must be made as of the date of commencement of the case. Moreover, there is respectable authority to support the proposition that a Debtor-In-Possession is a separate entity from the taxpayer and, thus, properties acquired by the Debtor-In-Possession post-petition cannot secure a pre-petition tax obligation. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed. 243 (1974). Without deciding this point, this Court is satisfied that the position urged by the Government cannot be supported and the position of the Debtor-In-Possession is well supported by logic, the Bankruptcy Code, and by case law. *In re Frost, Sr.*, 19 B.R. 804 (Bankr. D.Kan.1982).

In that Chapter 13 case, the Court held that the secured status of a creditor, including the Internal Revenue Service, is determined as of the date the bankruptcy petition is filed. The collateral must be

valued as of that date and to the extent that the federal tax claim exceeded the value of the collateral it was an unsecured claim, albeit possibly entitled to priority, and to the extent the IRS was unsecured, its liens were voided and could not attach to property acquired after the petition was filed pursuant to § 506(d) of the Bankruptcy Code.

Based on the foregoing, the Government's objection should be overruled and the stipulation between the Debtor-In-Possession and Florida National Bank, N.A. should be approved.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the USA's Notice of Objection to Stipulation on Bank's Motion for Adequate Protection be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Stipulation On Bank's Motion For Adequate Protection And For Use Of Cash Collateral be, and the same is hereby, approved and the Debtor-In-Possession is directed to perform pursuant to the terms and conditions of the stipulation.