**In re Ralph A. LEWIS a/k/a Ralph Lewis a/k/a Calvin Blair, Debtor.**

**Bankruptcy No. 85–00386G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 2, 1986.

Warren T. Pratt and Lynne B. Allen, Drinker, Biddle & Reath, Philadelphia, Pa., for movant Philadelphia Neighborhood Housing Services, Inc.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for debtor Ralph A. Lewis.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The primary query presented in the instant case is whether we may grant relief on a motion to avoid a lien or mortgage under 11 U.S.C. § 506 of the Bankruptcy Code ("the Code") *after* confirmation of a debtor's chapter 13 plan. On the basis of the reasons outlined below, we conclude that we may not.

The facts of this case are as follows:[1] The debtor filed a petition for the adjustment of his debts under chapter 13 of the Code. At that time the debtor also filed his chapter 13 plan which provided for payment to several secured creditors among which was Philadelphia Neighborhood Housing Services, Inc. ("PNHS"). The plan expressly stated that:

Confirmation of this plan shall constitute a finding that [another creditor] and PNHS are the holders of secured claims that are secured by an interest in personal property as well as in real property....

Debtor's plan ¶ 8. Several weeks after the commencement of the case, we entered an order confirming the plan.

Several months later the debtor instituted the action at bench requesting that we avoid the mortgage of PNHS under 11 U.S.C. § 506. PNHS defends that action by contending that the avoidance of the mortgage must be effected prior to confirmation of a debtor's plan.

■ The Code, including 11 U.S.C. § 541 (property of the estate), was, of course, enacted by Congress under the authority of the Bankruptcy Clause[2] in the Constitution. It is equally well settled under the Supremacy Clause[3] that where state law is in conflict with federal law, the former must yield. Nonetheless, in the absence of such disharmony with the bankruptcy law or other federal laws, property rights are determined according to the law of the state in which the property is situated. As the Supreme Court summarized several years ago:

Property rights are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both State and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. The Congress shall have Power.... To establish.... uniform Laws on the subject of Bankruptcies throughout the United States[.]

The Bankruptcy Clause, U.S. Const. art. I, § 8 cl. 4.

3. This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary Notwithstanding.

The Supremacy Clause, U.S. Const., art. VI.

receiving 'a windfall merely by reason of the happenstance of bankruptcy.' *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 49 L.Ed.2d 136 (1979) (citation omitted); *Johnson v. Johnson* (In Re Johnson), 51 B.R. 439, 443 (Bankr.E.D. Pa.1985). One particularly notable application of this general rule is that a lien, mortgage or security interest against the debtor's property is unaffected by the intervention of bankruptcy in the absence of some affirmative act sufficient to avoid the encumbrance. *Long v. Bullard,* 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *In Re Tarnow* (Appeal of Commodity Credit Corp.), 749 F.2d 464, 465 (7th Cir.1984). As stated in *Tarnow,* the rule of *Long v. Bullard* allows "a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt." *Tarnow,* 749 F.2d at 465. This is true regardless of whether the secured creditor files a proof of claim. *Simmons v. Savell* (In Re Simmons), 765 F.2d 547, 556 (5th Cir.1985). The burden of avoiding an encumbrance on property of the estate lies with the debtor or the trustee. *In Re Simmons, supra.*

 As to their interest in property of the estate, the rights of secured and unsecured creditors become fixed as of the confirmation of the plan. *Simmons,* 765 F.2d at 553–54. Furthermore, when a secured creditor sees that the plan proposes to treat him fairly as the holder of an encumbrance, that creditor may typically not object to confirmation of the plan. When a debtor has lulled a secured creditor into acquiescence with a plan based on favorable treatment of the lien holder, the debtor acts unfairly by commencing postconfirmation efforts to avoid the security interest.

■ In addition, 11 U.S.C. § 1327 provides that:

§ 1327. Effect of confirmation.

(a) *The provisions of a confirmed plan bind the debtor and each creditor,* whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327 (emphasis added). Applying this authority to the case at bench, the debtor's plan indicated that PNHS held a security interest in property of the estate. As a consequence, 11 U.S.C. § 1327 and *Simmons* now compels the debtor to accept the status of PNHS as a secured creditor. *Simmons, supra.* Any effort to undermine the security interest of PNHS through 11 U.S.C. § 506 would undermine the mandate of § 1327. Consequently, we hold that the debtor may not avoid the mortgage of PNHS. We will enter an order to that effect.