In re Helen E. BLAKEY, Debtor.

Helen E. BLAKEY, Plaintiff,

v.

Samuel R. PIERCE, Jr., Secretary of the Department of Housing and Urban Development

and

Lomas and Nettleton Company

and

City of Philadelphia Department of Revenue, Defendants.

Bankruptcy No. 86–00050K.
Adv. No. 86–0166S.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 16, 1987.

---

Theodore Clattenburg, Jr., Community Legal Services, Inc., Philadelphia, Pa., for debtor.

Virginia Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendant Housing and Urban Development.

David P. Comroe, Philadelphia, Pa., for defendant Lomas and Nettleton Co.

Cynthia E. White, Philadelphia, Pa., for defendant/City of Philadelphia.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 trustee.

SUPPLEMENTAL OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

On August 3, 1987, the Debtor filed a Motion, pursuant to Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59(e), requesting that we alter or amend a portion of our Opinion and Order of July 24, 1987, in the above-captioned matter, reported at 76 B.R. 465, and make certain additional Findings of Fact relating to the status of the claim of the CITY OF PHILADELPHIA, DEPARTMENT OF REVENUE (hereinafter referred to as "the City"), named as a Defendant in this Adversary proceeding. We conclude that we erred therein as to a significant legal principle in suggesting that the City's potential statutory liens, if unavoidable pursuant to 11 U.S.C. § 545, would not be subject to attack under 11 U.S.C. § 506(a). We also discovered that we erred in our factual statement that the City had filed a secured

claim subsequent to the Debtor's filing a Proof of Claim on behalf of the City indicating that its Claim was unsecured. Correction of either of these two errors, and certainly both, requires us to vacate paragraph five of our Order of July 24, 1987, and conclude that the City has no valid secured interest in the Debtor's interest in her premises.

■ Our legal error was manifested in our statement, 76 B.R. at 472, that the City raised "what appears to us to be a viable contention that its liens are statutory liens which cannot be avoided pursuant to 11 U.S.C. § 545." While it is true that 11 U.S.C. § 545 prevents a trustee from unconditionally avoiding statutory liens other than those exempted by 11 U.S.C. §§ 545(2), (3), (4), we are now convinced that 11 U.S.C. § 545 does not insulate statutory liens from the impact of 11 U.S.C. § 506(a).

The starting point of our reasoning is recognition of the breadth of the scope of the term "lien," as used in § 506(a). Like Chief Judge Cosetti of the Western District of Pennsylvania, in *In re Tanner*, 14 B.R. 933, 935–37 (Bankr.W.D.Pa.1981), we observe that the Code definition of "lien," now set forth in 11 U.S.C. § 101(33), is very broad. Like Collier, we believe that, as used in 11 U.S.C. § 506(a), the term applies "whether the lien was created by agreement, statute or judicial process." 3 COLLIER ON BANKRUPTCY, ¶ 506.04[1], at 506–19 (15th ed. 1987). Thus, the term "lien," as used in § 506(a), would certainly appear to embrace a statutory lien within the scope of § 545.

We are compelled to recognize the force of a considerable body of cases where the courts have assumed that § 506(a) can be utilized to affect the secured status of federal income tax claims, which must be paid in full in a Chapter 13 case, 11 U.S.C. § 1322(a)(2), and are nondischargeable in a Chapter 7, Chapter 11, or Chapter 12 case. 11 U.S.C. § 523(a)(1). One such case is our own decision in *In re Evans*, 66 B.R. 506, 510 (Bankr.E.D.Pa.1986), *aff'd*, 77 B.R. 57 (E.D.Pa.1987). Other such decisions include *In re Frost*, 47 B.R. 961, 963–64

(D.Kan.1985); *In re Dente/Pender*, 60 B.R. 164, 165–66 (Bankr.M.D.Fla.1986); *In re Driscoll*, 57 B.R. 322, 327 (Bankr.W.D.Wis. 1986); *In re Air Florida Systems, Inc.*, 50 B.R. 653, 656 (Bankr.S.D.Fla.1985); *In re Healis*, 49 B.R. 939, 940–41 (Bankr.M.D.Pa. 1985); *In re Robinson*, 39 B.R. 47, 49 (Bankr.E.D.Va.1984); and *In re Crotty*, 11 B.R. 507, 509–10 (Bankr.N.D.Tex.1981). Moreover, we have not located any cases to the contrary, even after reviewing all of the cases cited by the City in both of its two Memoranda of Law submitted in support of its adverse position in this case.

What the City does cite are cases which hold that statutory liens cannot be avoided under 11 U.S.C. § 544, *In re Nicholson*, 57 B.R. 672 (Bankr.D.Nev.1986); § 545, *In re Cambron Corp.*, 27 B.R. 723 (Bankr.E.D. Mich.1983); or § 522(f)(1), *In re Townshend*, 27 B.R. 22 (Bankr.M.D.Pa.1982); and *In re Wilson*, 25 B.R. 61 (Bankr.W.D. Pa.1982). Unfortunately for the City, however, none of these cases hold or even suggest that statutory liens cannot be avoided pursuant to § 506(a). Therefore, as in our series of cases holding that § 506(a) applies to reduce the secured status of residential mortgagees despite the presence of § 1322(b)(2), of which our Opinion of July 24, 1987, in this case was an example, *see also, In re Caster; Caster v. United States*, 77 B.R. 8, 11–14 (Bankr.E. D.Pa.1987); *In re Crompton*, 73 B.R. 800, 805–06 (Bankr.E.D.Pa.1987); and *In re Jablonski*, 70 B.R. 381, 385–86 (Bankr.E.D. Pa.1987), we conclude that § 506(a) may be applied as to statutory liens.

■ The City ineffectually attempts to argue that, since it failed to file a Proof of Claim, its statutory liens should pass unaffected through the Debtor's bankruptcy case. *See In re Fernwood Markets*, 76 B.R. 501, 503 (Bankr.E.D.Pa.1987); *In re Owens*, 67 B.R. 418, 425 (Bankr.E.D.Pa. 1986); and *In re Work*, 58 B.R. 868, 871–73 (Bankr.D.Ore.1986). However, here, the Debtor *did* file a Proof of Claim on behalf of the City on June 23, 1986, three days before confirmation of her Plan, as a $5,035.33 unsecured claim. Thus, unlike

*Work*, the Debtor here *did* provide for the claim of the City.[1]

This observation leads us to a consideration of the impact of our erroneous factual statement that the City had filed a secured Proof of Claim, totalling $6,670.94, 76 B.R. at 466, when in fact it had never filed any Proof of Claim whatsoever, and the only Proof of Claim of record on the City's behalf was hence the Proof of Claim filed on its behalf by the Debtor, pursuant to 11 U.S.C. § 501(c) and Bankruptcy Rule (hereinafter referred to as "B.Rule") 3003, stating that the City had an unsecured claim of $5,035.33. *Id.* at 466 & n. 1. We also observe that this error was attributable to the Debtor's own error, in her Requests for Admissions (see ¶ 2 of Second Request for Admissions sent to all parties) and her Brief (Plaintiff's Brief in Support of Her Complaint to Void Liens in Total or In Substantial Part Pursuant to 11 U.S.C. § 506, at 3), that the City had filed such a Proof of Claim. In fact, in our Opinion of July 24, 1987, we observed that we were unable to locate this purported Proof of Claim, *id.* at 466, n. 2, but we assumed its existence solely because of the Debtor's statements that it did.

As the Debtor accurately points out, her filing of a Proof of Claim on the City's behalf did "provide for" the City's claim in her Plan. That the provision for the City was less than generous is irrelevant. *See In re Gregory*, 19 B.R. 668, 669–70 (9th Cir. BAP 1982).

The Debtor points out that confirmation of a Plan, in effect, renders the provision for a creditor in a Plan res judicata as to that creditor's particular treatment. *See In re Bonanno*, 78 B.R. 52, 56–57 (Bankr.

E.D.Pa.1987); and *In re Brown*, 76 B.R. 1013, 1015 (Bankr.E.D.Pa.1987).

We do note that, given the facts here, we would be unlikely to have enforced the foregoing principle that "confirmation constitutes res judicata" strictly against the City. The Debtor filed her Proofs of Claim on the eve of confirmation. As the Debtor implicitly recognized in refraining from utilizing this argument to contest the filing of a Proof of Claim by the LOMAS AND NETTLETON COMPANY (hereinafter referred to as "the Mortgagee"), on July 18, 1986,[2] B.Rule 3004 would be eviscerated by not allowing the creditor a reasonable time after the debtor files a Proof of Claim to file a superseding Proof of Claim on its own behalf, even if Confirmation intervenes.

■ In *In re Gurst*, 70 B.R. 467, 469–71 (Bankr.E.D.Pa.1987), we determined, under the previous version of B.Rule 3004, which did not provide any express time limitations,[3] that a 10–month delay between the Bar Date and the Debtor's filing of a Proof of Claim pursuant to § 501(c) and B. Rule 3004 constituted an unreasonably long delay, and, for that reason, justified sustaining an Objection to the Proof of Claim. It seems to us that there should be a similar limitation and that a creditor must file under B.Rule 3004 within a reasonable period of time also. Otherwise, a creditor could totally disrupt the confirmed Plan of a Chapter 13 Debtor who files a Proof of Claim pursuant to § 501(c) and B.Rule 3004 at any time subsequent to Confirmation.

■ Here, however, the City has never, even to this day, filed a Proof of Claim seeking to supersede the Proof of Claim

---

1. For this reason, the City's argument that the "converse" of 11 U.S.C. § 502(b)(3), i.e., that its claim must be allowed because the Debtor, by filing a Proof for it, acknowledged the Claim's validity, is difficult to understand. The Debtor filed a Proof of Claim indicating that the City's claim was unsecured. The Debtor is not seeking to extricate itself from any of the assertions in that Proof of Claim. She concedes only that the City has an *unsecured* Proof of Claim.

   Moreover, the express language of § 502(b)(3), limiting a tax claim assessed against property of the estate to the estate's actual interest in the property, supports the

Debtors' contention that tax claims can be limited by the value of the Debtor's property, which is what occurs in a § 506(a) evaluation. *See* 3 COLLIER, *supra*, ¶ 502.02[4], at 502–41.

2. In our Opinion, we mis-stated the filing date of the Mortgagee's Proof of Claim, 76 B.R. at 466, as July 18, 1987.

3. The present version of B.Rule 3004, effective August 1, 1987, establishes a time limit of thirty days after the Bar Date for debtors to file claims on behalf of creditors, per § 501(c).

filed on its behalf by the Debtor. Therefore, clearly, the City is bound by the Debtor's Proof of Claim, which classifies its claim as totally unsecured. Moreover, since over fifteen months have elapsed since the Debtor filed the Proof of Claim on behalf of the City, it is clear to us that an attempt to file a superseding claim now would be subject to attack for untimely filing under the principles which we set forth in *Gurst*.

■ Therefore, in summary, we hold that correction of either of our errors would lead to the result that we erred in our previous decision vis-a-vis the rights of the City, and this commands an alteration of our previous disposition on this point. The correction of our factual error that the City had filed an amended secured Proof of Claim when in fact it had not would result in our classification of its claim as unsecured and hence a determination that it has no secured claim against the Debtor's residence at 1057 South 50th Street, Philadelphia, Pennsylvania 19143. Similarly, correction of our legal error that the Debtor could not avoid the City's liens pursuant to § 506(a), even if they are statutory liens for real estate taxes, will yield the same result.

■ To the extent that the Debtor has argued, in the alternative, that we should reconsider what we believed was her Stipulation that the Mortgagee's lien is prior to any of the City, because the original mortgage was granted by a federal agency, we deny the Debtor's request. We believe that the Debtor, by failing to dissent, asserted agreement. The City has not asked us to reconsider our prior decision, including this aspect of it. The Mortgagee, quite understandably and properly, opposes reconsideration of this conclusion. Therefore, we reaffirm our holding that any liens of the City are subordinate to that of the Mortgagee. However, we further hold now that the Mortgagee's allowed secured claim of $12,000.00 in the Debtor's premises exhausts all of the interest of the Debtor's estate in the premises. Hence, the City's claims against the Debtor's interest in her home must be deemed totally unsecured.

For the foregoing reasons, we shall enter an Order granting the Debtor's Motion in part and holding that the City has no valid secured interest in the interest of the Debtor's estate in her premises.

### ORDER

AND NOW, this 16th day of October, 1987, after briefly hearing argument in reference to the Plaintiff-Debtor's Motion to Alter or Amend Judgment of July 24, 1987, and consideration of the Briefs of the Debtor and Defendant CITY OF PHILADELPHIA DEPARTMENT OF REVENUE (hereinafter referred to as "the City"), it is hereby ORDERED as follows:

1. The Debtor's Motion is GRANTED in part.

2. Paragraph five of our Order of July 24, 1987, is hereby VACATED.

3. Judgment is entered in favor of the Debtor against the City, and it is hereby determined that the City has no valid Secured Claims against the Debtor's interest in her premises at 1057 South 50th Street, Philadelphia, Pennsylvania 19143.