## In re Ralph A. LEWIS a/k/a Ralph Lewis a/k/a Calvin Blair.

### Civ. A. No. 87–0145.

United States District Court,
E.D. Pennsylvania.

April 18, 1988.

Irwin Trauss, C.L.S. Philadelphia, Pa., for debtor/appellant.

Warren T. Pratt, Philadelphia, Pa., for creditor.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Trustee.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Before the court is the debtor's appeal from the order of the bankruptcy judge denying the debtor's motion to determine a lienholder's secured status under 11 U.S.C. § 506 (1982 & Supp. IV 1986). Although I agree in large part with the bankruptcy judge's analysis, *see* 64 B.R. 415 (Bankr.E.D.Pa.1986), I write briefly here in order to respond more fully to the arguments in the appellant's brief and to clarify a minor point of departure from the opinion below.

The difficulties in this Chapter 13 case stem primarily from the interaction of certain provisions of the debtor's Chapter 13 plan with the scheduling of the confirmation of that plan. On April 17, 1985, the debtor filed his statement and plan. The statement listed the appellee, Philadelphia Neighborhood Housing Services, Inc. ("PNHS"), as the holder of an undisputed secured mortgage on the debtor's residence. Paragraphs 4(d), 4(e), 5(d), and 5(e) of the debtor's plan, however, provided for payments to PNHS only to the extent that mortgage was not avoided under 11 U.S.C. § 506. These plan provisions evidenced an intent on the part of the debtor to have PNHS' interest in the residence valued under § 506(a) and hopefully reduced to zero, thus avoiding the mortgage payment obligations and extinguishing the public lien.

■ The debtor's intention was somewhat stymied, however, by the confirmation of his plan before rather than after the expiration of the time for filing proofs of claim. Confirmation of the plan on June 25, 1985, triggered paragraph 8 thereof, which provided that "[c]onfirmation of this plan shall constitute a finding that [another creditor] and PNHS are the holders of secured claims that are secured by an interest in personal property as well as real property...." Thus, as the bankruptcy court noted, when PNHS filed its timely proof of claim after confirmation of the plan but before the claims bar date, the debtor was compelled to accept it as a secured creditor by virtue of 11 U.S.C. § 1327 and the provisions of the debtor's own Chapter 13 plan. Moreover, because the plan provisions, particularly paragraph 8, may have actually prompted PNHS to file a proof of claim when it might otherwise have chosen to look solely to its lien for satisfaction of the debt, see In re Tarnow, 749 F.2d 464, 465 (7th Cir.1984); Estate of Lellock v. The Prudential Ins. Co., 811 F.2d 186, 189 (3d Cir.1987), the debtor must be estopped from commencing post-confirmation efforts to avoid the lien.

■ The bankruptcy court's determination is buttressed by the language of section 506. First, § 506(a) requires that the value of a creditor's interest in property subject to the creditor's lien be determined in conjunction with the hearing on confirmation of the Chapter 13 plan. See In re Hartford, 7 B.R. 914, 916 (Bankr.D.Me. 1981); In re Simmons, 765 F.2d 547, 553 (5th Cir.1985). Second, § 506(a) is addressed to claims secured by liens on property "in which the estate has an interest." Under 11 U.S.C. § 1327(b), confirmation of a Chapter 13 plan vests all the property of the estate in the debtor, except as otherwise provided in the plan or order confirming the plan. Thus, a § 506 motion must be brought before confirmation of the plan, that is, before the estate is divested of its interest. The statutory scheme thus envisions that a motion for determination of secured status will be brought before the confirmation hearing, as the bankruptcy court required in the instant case.

This conclusion is not unduly burdensome to a debtor faced with a claims bar date after the scheduled confirmation date. Such a litigant has several options. He may seek an earlier claims bar date or a postponement of the confirmation hearing until after the claims bar date. He may thereafter move for a § 506 determination with respect to any proof of claim filed by his creditors. Alternatively, he may seek a determination as to the secured status of a lienholder's claim by filing a debtor's complaint, see Lellock, 811 F.2d at 189 n. 3; In re Brager, 28 B.R. 966 (Bankr.E.D.Pa. 1983); Bankruptcy Rule 7001, or by filing a proof of claim on behalf of his creditor, see 11 U.S.C. § 501; Bankruptcy Rule 3004.

As a final note, I must take issue with the bankruptcy court's reliance on In re Simmons, supra, for the broad proposition that "[a]s to their interest in property of the estate, the rights of secured and unsecured creditors become fixed as of the confirmation of the plan." Simmons involved a proof of claim that was filed, but not objected to, prior to confirmation. The court held that an objection to a claim must always precede confirmation to be effective. The implication of the Simmons analysis is that it is impermissible to have a claims bar date that extends beyond the confirmation date. See generally 3 W. Norton, Jr., Norton Bankruptcy Law and Practice § 75.01, at 3 (1987). While I do not reach that issue here, I also do not rely on Simmons' analysis because the bankruptcy court itself scheduled the confirmation hearing before the claims bar date in the instant appeal. Having entered that small caveat, I leave the decision below undisturbed.

An appropriate order follows.

## ORDER

AND NOW, this 18 day of April, 1988, upon consideration of appellant's appeal from the orders of the bankruptcy judge entered September 2, 1986, and December 2, 1986, IT IS ORDERED that the opinion of the bankruptcy judge is AFFIRMED. This appeal is hereby dismissed and the

Clerk of this court is directed to close the docket of the within case. The matter is remanded to the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania.