**In re Ralph A. LEWIS a/k/a Ralph Lewis a/k/a Calvin Blair.**

Civ. A. No. 87–0145.

Bankruptcy No. 85–0386G.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1988.

Irwin Trauss, C.L.S., Philadelphia, Pa., for debtor/appellant.

Warren T. Pratt, Philadelphia, Pa., for creditor.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Trustee.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Before the court is the debtor's motion for reconsideration of the Memorandum and Order of April 18, 1988. Since I have determined that the analysis on pages 2–3 of the Memorandum may contain an incorrect statement of the law, albeit dictum, I feel that it is advisable to supplement that Memorandum at this time. The judgment and order of the 18th, however, remains the same.

After reviewing the language of 11 U.S. C. § 506 and the relevant caselaw, I previously determined that "the statutory scheme ... envisions that a motion for determination of secured status will be brought before the confirmation hearing...." I stand by that conclusion today, at least as a statement of the norm for bankruptcy cases. I base this interpretation on several opinions which make a persuasive case for the proposition that the Bankruptcy Code functions as a coherent whole only when proofs of claim are filed, allowed, or disallowed before confirmation of the debtor's Chapter 13 plan, and any requests for lien avoidance linked to these claims are determined in conjunction with confirmation of that plan. *See In re Simmons*, 765 F.2d 547, 553 (5th Cir.1985); *In re Thomas*, 85 B.R. 608, 613–14 (Bankr.N. D.Ala.1988); *In re Palombo Farms, Inc.*, 43 B.R. 709, 711 (Bankr.D.Colo.1984); *In re Hartford*, 7 B.R. 914, 916–17 & n. 9 (Bankr. D.Me.1981).

■ Nevertheless, in Chapter 13 cases it appears to be common for the order of confirmation to be entered before the time for filing claims has expired. *In re Furrer*, 67 B.R. 654, 658 (Bankr.E.D.Wis.1986). In such a case, the plan is confirmed on the basis of the information set out in the debtor's schedules, with the court finding feasibility in the fact that the debts as scheduled will be paid in accordance with the plan. *Id.* The justification for this practice is that it begins distributions to creditors as quickly as possible and allows the issuance of an income deduction order to assure funding of the plan. *See R. Aaron, Bankruptcy Law Fundamentals* § 13.03[1] (1987); 3 Norton *Bankruptcy Law and Practice* § 75.01, at 3–4 (1987); 5 *Collier on Bankruptcy* para. 1324.01[2] (1988); Hope, *The Chapter 13 "Base" Plan: Inflexible and Unfair to Creditors*, Norton Bankr.L.Ad. (Callaghan) No. 5, at 7–8 (May 1987). Whatever the relative advantages or disadvantages of this practice may be, this is not the case in which to delve into them, as the debtor here does not appear to question this aspect of the bankruptcy judge's handling of his reorganization. The question he does raise on appeal is: may the court, after confirmation of a Chapter 13 plan, make a determination pursuant to 11 U.S.C. §§ 506(a) and (d) with respect to a proof of claim timely filed by a creditor after confirmation but before the claims bar date. In essence, his position is that if a creditor is allowed to file a proof of claim after confirmation, then the debtor must surely be allowed to file his objection and/or motion under Bankr. Rule 3012 after such a filing.[1]

My research on this point has disclosed no cases which respond directly to the debtor's query. After reviewing the relevant code provisions once again, I believe that it is certainly the better practice for a debtor faced with a late-filing creditor and a claims bar date after the scheduled confirmation date to file a proof of claim on behalf of his or her creditor early on in the case along with a Rule 3012 motion or a Rule 7001(2) adversary complaint. *See In re Wells*, 52 B.R. 368, 369 (Bankr.E.D.Pa. 1985); *Palombo Farms*, 43 B.R. at 711–12; 11 U.S.C. § 501(c); Bankr.R. 3004; 3 *Collier on Bankruptcy* para. 506.07 at 506–69 to 506–70. This procedure will allow the bankruptcy judge to conduct his or her valuation hearing in conjunction with the hearing on confirmation, and thus increase efficiency and assure the accuracy of the

---

1. Bankruptcy Rule 3012 states:
   The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

determination that the debtor's plan meets the confirmation standards of the code. *See* 5 *Collier on Bankruptcy* para. 1324.-01[2] at 1324–3.

That said, I find nothing in the code or rules mandating this procedure in the circumstances of this case. As the court in *In re Blakey*, 78 B.R. 435, 438 (Bankr.E.D. Pa.1987) points out, there are going to be times when a proof of claim is validly filed after confirmation. As to such a claim, it would be inequitable to mechanically enforce certain principles or practices against either a debtor or a creditor in the face of such an apparent anomaly. *Id.* [2] In addition, Collier notes that "[a] determination under Rule 3012 may be sought at any time consistent with the purpose for which it is sought." 8 *Collier on Bankruptcy* para. 3012.03 at 3012–3. There is also some authority suggesting that a lien may be avoided up to the time of discharge. *In re Endlich*, 47 B.R. 802, 805 (Bankr.E.D.N.Y. 1985). Finally, the bankruptcy court itself entered an order voiding the lien of another creditor of this debtor on a motion submitted after confirmation. *See In re Lewis*, 85 B.R. 719 (E.D.Pa.1988). Thus, my Memorandum of April 18, 1988, seems to me to be incorrect insofar as it holds that a section 506(d) motion must always be brought before confirmation of a Chapter 13 plan.

██ I need not reach a more conclusive resolution of this conundrum, though, as the particular provisions of the debtor's Chapter 13 plan spell out the proper result in this case. In my prior Memorandum I noted that certain provisions of the debtor's plan evidence an intent to have the appellee's lien valued and reduced under section 506. However, I still believe that the bankruptcy court was correct in holding that after confirmation, the debtor was precluded from pursuing this route by virtue of paragraph 8 of his plan which provides that confirmation "shall constitute a finding that [another creditor] and PNHS are the holders of secured claims that are secured by an interest in personal property as well as in real property...." The debtor does not dispute that he is bound by this provision in his motion for reconsideration. He does argue that paragraph 16 of his plan, which he interprets as conditioning survival of the appellee's lien on the appellee having filed a proof of claim before confirmation, requires a reversal of result. This argument is without merit. A debtor may not force his creditor to file a proof of claim before the claims bar date or divest his creditor of a valid lien simply by including certain language in his plan because such provisions are plainly inconsistent with the Bankruptcy Code and Rules. *Cf. In re McKay*, 732 F.2d 44, 47–48 (3d Cir. 1984); *Simmons*, 765 F.2d at 557–59; *In re Spadel*, 28 B.R. 537, 539–40 (Bankr.E.D.Pa. 1983).

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of August, 1988, upon consideration of the debtor's Motion for Reconsideration and to Vacate and Alter the Court's Opinion and Order of April 18, 1987, it is hereby ORDERED that the motion is DENIED.

---

**2.** In *In re Blakey*, 76 B.R. 465 (Bankr.E.D.Pa.), *vacated in part and amended*, 78 B.R. 435 (1987), the court entertained a section 506 petition post-confirmation where the debtor both commenced an adversary proceeding and filed proofs of claim on behalf of her creditors before confirmation of her plan. *Blakey* obviously does not resolve the exact question posed by this case, as it is not clear what result would have been reached had the debtor failed to undertake these measures. However, the court does indicate that the creditors' ability to file a superceding proof of claim post-confirmation may render the latter measure less important. 78 B.R. at 438. As to the former, I note that an adversary proceeding may not always be necessary or proper in light of Bankruptcy Rule 3012. *See Palombo Farms*, 43 B.R. at 711–12.