In re Kathleen A. JABLONSKI a/k/a Kathleen A. Peterson, Debtor.

Bankruptcy No. 85–03026K.
Civ. A. No. 87–1904.

United States District Court,
E.D. Pennsylvania.

June 20, 1988.

Irwin Trauss, Philadelphia, Pa., for Community Legal Services.

Lawrence T. Phelan, Philadelphia, Pa., for Meritor Mortgage.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This case involves cross-appeals from orders of the bankruptcy court in an action brought pursuant to 11 U.S.C. § 1301, *et seq.* (Chapter 13). The debtor here, Kathleen Jablonski, a/k/a Kathleen Peterson, appeals from that portion of the order which allows to the creditor a secured claim equal to the entire value of the debtor's residential property, despite her contention that her interest in the property, and hence the estate's interest and the creditor's secured interest, extends to only half of the full value of the property. The creditor, Meritor Mortgage Corp., appeals from the court's determination that its secured claim, which arose from its grant of a mortgage to the debtor for the purchase of her residence, extends only to the value of the property, with the remainder of the debt allowed only as an unsecured claim. The creditor also appeals from an order which eliminated from its proof of claim attorney's fees and other costs associated with a state foreclosure proceeding.

The parties' contentions on these issues will be considered following a brief procedural history and examination of this Court's jurisdiction.

The case arose when the debtor moved the bankruptcy court to determine the value of her interest in her residence and to avoid the creditor's lien pursuant to 11 U.S.C. § 506(a) and (d). She also filed a motion objecting to the proof of claim of Central Mortgage Corporation, predecessor in interest to Meritor. At the same time, the bankruptcy court had before it the Trustee's motion to dismiss the bankruptcy case for lack of feasibility of the plan. At the request of the debtor and with the acquiescence of Meritor, the court stayed action on the Trustee's motion pending the outcome of the debtor's motions. Thereafter, the court held a hearing for argument on the motions and later rendered a decision thereon. Insofar as can be determined from the record before this Court, no plan has ever been presented to the bankruptcy court for confirmation. The docket entries reveal, however, that the Trustee's motion to dismiss the case was withdrawn.

The bankruptcy court made its determinations on the basis of stipulated facts which included the following: the debt owed to Meritor exceeds $24,000; the real property in issue has a value of $21,000; the debtor is entitled to a recoupment penalty of $1,000 for a violation of the Truth in Lending Act (TILA) by Meritor; the City of Philadelphia has prior liens against the property in the amount of $650. From these facts and after consideration of the

arguments of counsel, the court concluded that the debtor, who owns the property with her husband as tenants by the entireties, has an interest in the property equal to its entire stipulated value of $21,000. The court further concluded, under § 506(a), that the creditor has a secured claim in the amount of $19,350, representing the stipulated value of the property with the TILA penalty and $650 in prior liens deducted therefrom. The creditor also has an unsecured claim in the amount of $3,923, which represents the remainder of the total debt of $24,273.54 [1]. The creditor's proof of claim for counsel fees and costs related to a mortgage foreclosure proceeding was first allowed but later disallowed when the debtor moved for reconsideration. The stated reason for the court's actions was that it initially believed that the creditor had obtained a mortgage foreclosure judgment, but later realized that its belief was erroneous. Thereupon, the court reversed its prior order, noting that the contract which gave Meritor the right to recover fees and costs did so only in connection with a foreclosure.

Because it appears that no plan has been presented to the bankruptcy court for confirmation, and because the debtor's attempt to avoid Meritor's lien was done by means of a § 506(a) motion rather than through an adversary proceeding, this case is in a somewhat unique procedural posture. Although both parties state that they are appealing from a final order of the bankruptcy court, this Court feels compelled to inquire into our jurisdiction since it does not appear that either the parties or the bankruptcy court gave due regard to complying with the plain language of the Bankruptcy Code provisions put in issue here by the arguments of the parties and the bankruptcy court's decision.

At the heart of the issues raised herein is § 506(a) of the Bankruptcy Code, providing for valuation of the property of the estate of the debtor and the determination of how much of an allowed claim of a creditor is an allowed secured claim.[2] Problems with the finality of the order arise from that portion of § 506(a) which requires that value be determined, *inter alia*, "in conjunction with any hearing ... on a plan affecting such creditor's interest." Both the language of the statute and commentary thereon (*See*, 3 Collier ¶ 506.041[2], S.REP. No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787), suggest that the valuation of property before a plan has been presented to the bankruptcy court for confirmation is not a final determination of value.

Other courts which have considered the issue of whether a claim secured by a mortgage on a Chapter 13 debtor's principal residence may be bifurcated into secured and unsecured claims pursuant to § 506(a) have done so in the context of proceedings relating to confirmation of a Chapter 13 plan or in an adversary proceeding.[3] Thus,

---

1. This Court's reproduction of the bankruptcy court's calculations is as follows: Agreed Value of the Property of $21,000 minus prior liens of ·$650 = Secured Claim of $20,350. Total Debt of $24,273.54 minus Secured Claim of $20,350 = Unsecured Claim · of $3,923.54. Secured Claim of $20,350 minus TILA penalty of $1,000 = Secured Debt of $19,350.

2. 11 U.S.C. § 506(a) reads as follows:
   (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

3. The proper procedural context for considering valuation and bifurcation issues under § 506 has generated some discussion among the various judges of the bankruptcy court in this district, at least where the case arises under Chapter 13. Here, Judge Scholl commented that the proper procedure would have been for the debtor to commence an adversary proceeding based upon the language of Bankruptcy Rule 7001(2) to the effect that a determination of the validity, priority or extent of a lien should be by means of an adversary proceeding. *In re: Jablonski*, 70 B.R. 381, 385 (Bankr.E.D.Pa.1987). *See also, In re: Caster*, 77 B.R. 8 (Bankr.E.D.Pa.1987). Judge Fox, on the other hand, based upon the Advisory Committee Note to Bankruptcy Rule 3012 which refers specifically to § 506(a), is of

the finality issue we face has not arisen before and likely would not arise unless, as here, no plan has been presented but a decision on a § 506(a) motion has been appealed to the district court.

■ There are, in fact, two aspects to our concern with the finality of the bankruptcy court's order. First, having invoked this Court's jurisdiction over final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a), neither party moved for leave to appeal an interlocutory order, raising a question of subject matter jurisdiction. Under Bankruptcy Rule 8003(c), we may grant leave to appeal interlocutory orders even though neither party in interest has requested it. As the Court of Appeals has recently held, however, we must make clear our intention to do so if we conclude that the bankruptcy court's order is not, in fact, a final order but we wish to review it. *In re: White Beauty View, Inc.*, 841 F.2d 524 (3d Cir.1988).

■ Having determined that we can assure ourselves of subject matter jurisdiction over these appeals, we address our second finality concern, *viz.*, whether this Court should grant leave to appeal the order at this time, notwithstanding our determination that the order is not completely final and our further determination that several issues decided by the bankruptcy court should not have been considered in the context of a § 506(a) motion when the debtor's plan was not before the court.

Our review of the record, the Bankruptcy Code and related case law leads to the conclusion that the bankruptcy court's order has resolved several troublesome legal issues which have heretofore prevented the presentation of a plan, which will not be affected by further development of the case and which have arisen frequently in similar cases. For example, the portion of

the order from which the debtor appeals is a final resolution of the issue of whether the bankruptcy estate's interest in the residence, which the debtor owns with her spouse as tenants by the entireties, extends to the entire property or to only half of the monetary value thereof.

Similarly, the court's determination that under § 506(a) Meritor's claim may be bifurcated into secured and unsecured portions falls into the category of a final resolution of a purely legal issue. While the specifics of the proper bifurcation of the claim may remain an open issue in the case until a plan is presented for confirmation, the applicability of § 506(a) to the claim of a residential mortgage holder, as a matter of legal principle, will not be affected by the debtor's plan. Moreover, the principle is applicable to many, if not most, Chapter 13 cases. Review of the bankruptcy court's decision will thus advance the ultimate resolution of this and many other Chapter 13 cases.

On the other hand, the legal conclusions reached by the bankruptcy court appear in the context of an order setting forth the specific dollar amounts of Meritor's secured and unsecured claims based upon the stipulated value of the property on the date the bankruptcy case was filed. Final valuation under § 506(a), however, should be made in the context of confirmation of a plan. *See, In re: Blakey*, 76 B.R. 465 (Bankr.E.D.Pa.1987). Thus, to the extent that the court placed specific dollar amounts on the secured claim and allowed the remaining debt as an unsecured claim, the order is not final. The specific amounts of the secured and unsecured claims depend upon the value of the property as of the date of confirmation of the debtor's plan, *Id.*, a date and event which have not yet occurred.

the opinion that the proper procedure is for the debtor to file a motion to value the collateral pursuant to Rule 3012. *In re: Windfelder*, 82 B.R. 367, 370 (Bankr.E.D.Pa.1988).

As noted in the text, other courts have considered valuation and bifurcation along with other issues relating to a Chapter 13 plan, in connection with the confirmation thereof. That procedure has generated other difficulties.

Mortgagees involved in Chapter 13 cases as creditors have consistently taken the position that § 506(a) conflicts with § 1322(b)(2), attempting thereby to prevent the bifurcation of their claims, and have generally succeeded in persuading the bankruptcy courts of the need to address and resolve the purported conflict. *See, e.g., In re: Smith*, 63 B.R. 15 (Bankr.D.N.J. 1986).

Additionally, the bankruptcy court engaged in a rather lengthy discussion of whether, under the terms of the mortgage instrument, Meritor is a creditor whose secured claim may not be modified pursuant to 13 U.S.C. § 1322(b)(2). As will be discussed at length, *infra.*, the bankruptcy court had no issue relating to § 1322(b)(2) before it. Consequently, this Court will not consider that basis for the bankruptcy court's order.

Thus, when a plan is presented for confirmation, issues relating to the monetary value of the property, the actual dollar amount of the secured and unsecured portions of Meritor's claim and modification of Meritor's secured claim may arise again.

Although these presently unresolvable issues may remain, we conclude that we should and will review those aspects of the bankruptcy court's opinion which are final resolutions of legal issues even though the conclusions reached by the court support an order which is not final. The issues to be reviewed include, as noted above, the debtor's appeal and the question of whether § 506 may be applied to the claim of a mortgagee. In addition, we conclude that the order denying foreclosure fees and costs should also be reviewed at this time. To the extent necessary, we will grant leave to appeal those aspects of the bankruptcy court's order.

We further conclude that the specific amounts of the secured and unsecured claims are not only not final, but that review at this time would serve no useful purpose. Consequently, we will express no opinion as to the propriety and accuracy thereof.[4]

With these preliminary issues eliminated, we turn to the substantive issues raised by the parties and the court's opinion.

■ As noted previously, the debtor appeals from that portion of the court's order fixing the estate's interest in the property as the entire stipulated value thereof. She contends that the effect of the tenancy with her husband is the reduction of her, and consequently, the bankruptcy estate's interest, to one half of the agreed value of the property. This argument is based upon the premise that the estate's interest should be no more than what the debtor would receive upon a voluntary sale of the property free of all liens. Thus, she argues that Meritor's secured claim can be no more than her supposed $10,500 share of the stipulated $21,000 value of the property. We reject the debtor's arguments on this issue for the same reasons set forth in the opinion of the bankruptcy court. Hence, we will affirm this portion of the court's order without much further comment. We note only that a review of Pennsylvania law with respect to entireties property in *Napotnik v. Equibank*, 679 F.2d 316 (3d Cir.1982) supports the holding that a debtor's estate in bankruptcy includes the entire value of such property. The court noted there that under Pennsylvania law, each tenant is considered to be seized of the undivided whole not the share. Further, neither spouse may compel partition nor may he or she make a valid unilateral conveyance of the property during the life of the marriage, even though the spouses may be estranged. The real property itself is in issue here, not the proceeds of a sale thereof. If the debtor owns the whole of the property and, during her marriage can resist a conveyance of it, we find no good reason to subscribe to the fiction that her estate's share of the real property is limited to one half of its agreed monetary value.

■ Meritor's appeal turns upon the notion that the bankruptcy court's bifurcation

---

**4.** It does not appear that the parties disagree with the specifics of the bankruptcy court's decision, if we assume the correctness of the legal principles applied there. They do not, *e.g.*, raise any issue with respect to the application of the agreed TILA penalty. Although we specifically limit our review of the order to legal principles involved, we do not mean to imply that the parties cannot continue to agree on the dollar value of the property. We certainly do not wish to invite further motions relating to § 506(a). We simply wish to make perfectly clear that if conditions have changed such that the property is arguably worth more or less than $21,000 when the plan is confirmed, nothing in either the bankruptcy court's order or this order precludes the issue from being raised at that time.

of its claim, pursuant to § 506(a), into secured and unsecured claims based upon the discrepancy between the debt and the agreed value of the property is a "modification" of its secured claim. As a creditor who holds a mortgage on the debtor's principal residence, Meritor argues that the application of § 506(a) to its claim is prohibited by 11 U.S.C. § 1322(b)(2), which provides that a plan for the payment of creditors in a Chapter 13 case may, "[M]odify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims."

Meritor's arguments on this issue are misplaced, however. We are at a loss to understand how § 1322(b)(2) can exert an impact upon the operation of § 506(a) here, where no plan is before this Court or was before the bankruptcy court. § 1322 covers the mandatory and permissive contents of a Chapter 13 debtor's plan. It is utterly silent as to the definition of terms such as "secured claim". It is by the application of § 506(a) of the Code that the bankruptcy court determines the extent to which allowed claims of a creditor are allowed *secured* claims. Thus, the statement in the bankruptcy court' opinion that the "threshhold question" to be addressed was, "Whether § 506(a) may be used to reduce a secured claim", 70 B.R. at 385, is not accurate. The "reduction" of a secured claim is neither the purpose nor the effect of a

decision on a § 506(a) motion. Rather, the bankruptcy court properly determined how much of Meritor's allowed claim is secured, *i.e.,* that portion of the debt which does not exceed the value of the property. The remainder of the debt is still an allowed claim, but is an allowed *unsecured* claim.

The procedural posture of this case, although producing difficulties with respect to the finality of the bankruptcy court's decision, highlights the proper order of the application of § 506(a) and § 1322(b)(2). Whether a plan impermissibly modifies the rights of the holder of a claim secured only by a mortgage on a debtor's principal residence must necessarily follow the determination of how much of its claim is, in fact, secured. The context in which these issues usually arise, *viz.,* where a Chapter 13 debtor's plan is already known, has the unfortunate effect of obscuring the separateness of § 506(a) and § 1322(b)(2).[5] Meritor has not presented any argument or analysis with respect to how § 1322(b)(2) can apply here, where no plan is in issue, and the Court could find nothing in the language of the statute or in its legislative history to indicate that § 506(a) and § 1322(b)(2) conflict. We remain completely unconvinced, therefore, that a statutory section not yet applicable to the case before us can effectively foreclose the debtor's recourse to another section which plainly applies to all bankruptcy cases. Consequently, we will also affirm this portion of the bankruptcy court's opinion.[6]

---

**5.** We have alluded previously to the difficulties which the bankruptcy courts have faced in applying both § 506(a) and § 1322(b)(2). (See n. 3, *supra.*) In this Court's view, neither the Bankruptcy Code itself nor the Bankruptcy Rules provide a satisfactory procedural framework for resolution of the issues of valuation and bifurcation under § 506(a) on the one hand and a determination of whether a Chapter 13 plan impermissibly modifies the rights of the holder of a claim secured only by a security interest in the debtor's principal residence on the other hand. Until the value of the collateral is known, the secured claim, and hence the plan's effect thereon, cannot be known. But the final value of the collateral cannot be known until the plan is confirmed. *See, In re: Blakey,* 76 B.R. 465, 467 (Bankr.E.D.Pa.1987) ("The date of the confirmation of the Debtor's Plan is the

significant date for determination of value per 11 U.S.C. 506(a).")

It appears that a Chapter 13 debtor's plan would have to avoid placing a specific dollar amount on the payment to be made to his or her mortgagee subject to the resolution of a Rule 3012 motion for valuation or that the valuation issue should be considered in the context of resolving objections to the debtor's plan by a mortgagee, as in *In re: Smith,* 63 B.R. 15 (Bankr.D.N.J.1986). Here, in the absence of a plan, we are concerned only with the application of § 506(a), and are free, at least for the moment, of the additional burden of determining whether the debt exceeds the value of the property since the parties stipulated to both the amount of the debt and the value of the realty.

**6.** Because there is no plan here, we have no reason to consider the correctness of the bankruptcy court's conclusion that § 1322(b)(2) per-

The other issue appealed by Meritor is the bankruptcy court's disallowance of fees and costs related to a state foreclosure proceeding. There is absolutely nothing in the record to indicate that such a proceeding was ever commenced. Thus, we have no basis, other than the unsworn arguments of counsel in Meritor's brief, upon which to determine whether the decision of the bankruptcy court was in error. If there was a foreclosure proceeding, evidence of it should have been made a part of the record before the bankruptcy court. The two opinions issued by the court give every indication that if such evidence had been before the court, the requested fees would have been granted. Without such evidence, the record is devoid of any reason to allow such fees and costs. We express no opinion as to whether, if sufficient evidence had been in the record, the bankruptcy court's analysis of the issue in its first opinion would have withstood an appeal by the debtor, since we have no reason to reach the substantive issues relating to an allowance of fees and costs under the circumstances of this case.

In summary, we have determined that certain legal issues decided by the bankruptcy court present this Court with a final resolution of those issues which should be reviewed at the present time. We reiterate that because no plan has been developed, at least insofar as revealed by the record before us, the specific dollar amounts which appear in the court's order are not final and review of those amounts is premature. It is unfortunate, in some respects, that this case came before the district court on appeal at this juncture in that it appears that there are many unresolved issues which may lend themselves to further appeal when the debtor's plan is presented to the bankruptcy court for confirmation. On the other hand, legal issues with which the bankruptcy courts in this circuit have been struggling recently were isolated by the appeals considered here. It may be that the difficulties inherent in applying the Bankruptcy Code in Chapter 13 cases in-

mits modification of the secured claim here because the claim is not secured only by the

volving a mortgage on the debtor's principal residence present such difficult and confusing questions of statutory construction and application that this was the most practical course for isolating and delineating the relevant issues.

## ORDER

And now, this 20th day of June, 1988, upon consideration of cross-appeals from the February 19, 1987 order of the bankruptcy court, it is ORDERED that:

1. The parties are granted leave to appeal from an interlocutory order of the bankruptcy court pursuant to 28 U.S.C. § 158 and Bankr.R. 8003(c) and in accordance with the accompanying memorandum of law.

2. The debtor's estate's interest in the realty situate at 2221 Taggart St., Philadelphia, Pennsylvania extends to the entire value thereof.

3. Pursuant to 11 U.S.C. § 506(a), Meritor Mortgage Corporation has an allowed secured claim against the debtor's estate's interest in the realty equal to the entire value thereof, such value to be finally determined by agreement of the parties or order of the bankruptcy court in accordance with the accompanying memorandum of law and the provisions of § 506(a). To the extent that the debt owed to Meritor exceeds the value of the realty, that portion of the debt is an allowed unsecured claim.

4. To the extent that Meritor has a lien against the above-described realty in excess of the allowed secured claim, such lien is void pursuant to 11 U.S.C. § 506(d).

5. To the extent that the order of the bankruptcy court denied to Meritor fees and costs incurred in connection with a purported proceeding to foreclose against the above-described realty, said order is AFFIRMED.

6. The case is remanded to the bankruptcy court for further proceedings, as

realty.

necessary, consistent with this order and the accompanying memorandum of law.