In re TRAVELERS MOTOR
INN, INC., Debtor.

In re TRAVELERS MOTOR INN—
SYRACUSE, INC., Debtor.

In re TRAVELERS MOTOR INN—
PLATTSBURGH, INC., Debtor.

No. 95–CV–84 (FJS).

United States District Court,
N.D. New York.

May 2, 1995.

---

Richard H. Weiner, Cooper, Erving Law Firm, Albany, NY, for debtors.

## DECISION AND ORDER

SCULLIN, District Judge.

### Background

This matter comes before the court on the motion of Troy Savings Bank, appellant-creditor, for leave to appeal an October 11, 1994 Decision and Order ("Order") of the Bankruptcy Court. Following a hearing under Fed.R.Bankr.P. 3012 and 11 U.S.C. § 506, Bankruptcy Judge Barry Schermer issued the Order which determined the values of the above captioned properties. For the reasons that follow, the court grants appellant's motion for leave to appeal the October 11, 1994 Decision and Order.

### Discussion

Appellant seeks leave to appeal under 28 U.S.C. § 158(a) and Fed.R.Bankr.P. 8003. A District Court has "jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a). Appellant has complied with the dictates of Rule 8003(a).

■ A valuation made under 11 U.S.C. § 506(a) is a final order or decree within the meaning of 28 U.S.C. § 158(a) when it is made in conjunction with and for the purpose of plan confirmation. *See In re Jablonski,* 88 B.R. 652, 655 (E.D.Pa.1988). In the case at bar, the Bankruptcy Court's valuation was not made in the context of plan confirmation.

■ However, at an earlier hearing Judge Schermer stated that he would "rather have the valuation hearing before confirmation. And have a valuation hearing for purposes of confirmation...." Transcript of July 6, 1994 Proceedings 34.

> Because bankruptcy proceedings often continue for long periods of time, and discrete claims within those proceedings are frequently resolved prior to the conclusion of the entire bankruptcy, the concept of finality in bankruptcy matters is more flexible than in ordinary civil litigation. Thus, orders of a bankruptcy court that "finally dispose of discrete disputes within the larger case" are considered final for purposes of a bankruptcy appeal.

*In re Ionosphere Clubs, Inc.,* 139 B.R. 772, 777 (S.D.N.Y.1992) (citing *In re Chateaugay Corp.,* 880 F.2d 1509, 1511 (2d Cir.1989) and *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987)).

Were the court unable to consider Judge Schermer's decision a final order or decree, leave to appeal an interlocutory order would nonetheless be granted. The cases at bar are single asset real estate cases. Thus, the provisions of the Chapter 11 reorganization plans will depend solely upon the valuation of the properties at issue. In the interests of judicial economy and speedy resolution of claims, the court grants appellant's motion.

Therefore, it is hereby

ORDERED, that the motion of creditor-appellant Troy Savings Bank for leave to appeal the October 11, 1994 Decision and Order of the Bankruptcy Court is GRANTED.

**IT IS SO ORDERED.**