**In re Telesforo RODRIGUEZ, Jr.**

**Chase Manhattan Mortgage Corporation, Appellant,**

v.

**Telesforo Rodriguez, Jr., Molly Whiton, Trustee, Office of the U.S. Trustee, Appellees.**

No. Civ.A. 3:01CV266(SRU).

United States District Court, D. Connecticut.

Jan. 22, 2002.

Peter L. Ressler, Groob, Ressler & Mulqueen, New Haven, CT, for Telesforo Rodriguez, Jr.

Edward C. Taiman, Jr., Sabia & Hartley, LLC, Hartford, CT, for appellant.

Andrew Stephen Cannella, Chapter 13 Standing Trustee, Hartford, CT, for appellee Molly Whiton.

### *RULING ON MOTION TO DISMISS*

UNDERHILL, District Judge.

This case involves an appeal from the Bankruptcy Court. Presently at issue are the procedural requirements and limitations governing appeals from a determination of secured interest made pursuant to 11 U.S.C. § 506(a) ("section 506(a)").

Section 506(a) allows a debtor to bifurcate a creditor's claim into a secured claim and an unsecured claim. A secured claim can not be discharged in bankruptcy, although an unsecured claim can be discharged. Under section 506(a), a creditor's claim is secured by a lien on property to the extent of the value of the debtor's interest in that property.

On August 11, 2000, Chapter 13 debtor Telesforo Rodriguez ("Rodriguez") filed a section 506(a) motion ("506(a) motion") to bifurcate the $138,204.27 claim of his creditor, Chase Manhattan Mortgage Corporation ("Chase"). Rodriguez sought to limit the value of the secured claim to $44,000.00, the purported worth of Rodriguez's real estate holdings, while leaving the $94,204.27 balance of the claim unsecured.

In October 2000, United States Bankruptcy Judge Albert S. Dabrowski heard argument on Rodriguez's 506(a) motion. At the hearing, Chase argued that its claim against Rodriguez should be secured in full. Chase contended its claim should be secured both by the fair market value of Rodriguez's real property, which Chase assessed as $87,000.00, and by the assignment of rents collected therefrom. The Bankruptcy Court disagreed and, in a December 13, 2000 order, secured Chase's claim by $87,000.00, the fair market value of the Rodriguez property alone. The Court ruled the remaining $51,204.27 balance unsecured. One month later, after a hearing that Chase did not attend, the Bankruptcy Court confirmed the debtor's second amended plan. That plan used the valuation determination established by the Court's section 506(a) order ("506(a) order"). Chase now appeals from the confirmation of debtor's second amended plan, arguing that the Bankruptcy Court erred by not including the rents from the property in the value of Chase's secured claim.

Rodriguez's Chapter 13 Trustee ("the Trustee") moves to dismiss the appeal. The Trustee argues that a 506(a) order is a final order and, consequently, challenges to a bankruptcy court's valuation of a secured claim must be brought on appeal from the 506(a) ruling, not from the confirmation of a plan incorporating that ruling. In the alternative, the Trustee argues that, if the plan confirmation constituted a final order for purposes of appeal, Chase forfeited its ability to appeal by not raising an objection to the valuation of its secured claim at the confirmation hearing. For

the following reasons, the Trustee's motion to dismiss is denied.

## DISCUSSION

The district courts have appellate jurisdiction in bankruptcy matters under 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." Determining whether a particular bankruptcy court ruling is a final order for purposes of appeal is a recurring issue. The Second Circuit has observed:

> Because bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings, the concept of finality that has developed in bankruptcy matters is more flexible than in ordinary civil litigation. Some appeals are therefore allowed before the entire bankruptcy is resolved. Of course, not every order of a bankruptcy court is appealable as a final order—only those orders that "finally dispose of *discrete disputes within the larger case*" satisfy the test.

*In re Chateaugay Corp.*, 880 F.2d 1509, 1511 (2d Cir.1989) (emphasis in original) (quoting *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983)). In the case at hand, the initial question becomes: Was the Bankruptcy Court's order resolving the 506(a) motion an order that "finally disposed of a discrete dispute within the larger case," or was it, as Chase argues, a decision subject to modification in the course of further proceedings and inappropriate for immediate review?

Because the Second Circuit has not addressed the finality of 506(a) orders, we must look elsewhere for guidance. The Eastern District of Pennsylvania took up the issue and issued a helpful decision in *In re Jablonski*, 88 B.R. 652, 655 (E.D.Pa. 1988). In *Jablonski*, the debtor's 506(a) motion argued that the creditor could only secure a one-half interest in the debtor's residential property because the debtor owned the subject residence as a tenant by the entireties with her husband. The Bankruptcy Court rejected the debtor's argument and ordered the creditor's claim secured for the entire value of the residential property. The debtor appealed that ruling directly from the 506(a) order, though the Court had yet to confirm the debtor's plan.

In discussing whether or not the 506(a) order constituted a final order from which the debtor could appeal, the *Jablonski* court differentiated between 506(a) orders that make final rulings of law and 506(a) orders that make preliminary findings of fact subject to change at plan confirmation. Orders making final determinations of discrete issues of law, the court reasoned, were final orders for purposes of appealing those orders. The *Jablonski* court's determination that the creditor had a secured claim to the extent of the entire value of the property owned by the debtor as a tenant in the entireties was a legal conclusion regarding how to calculate the secured claim. Thus, it was a final order. The discrete issue had been fully litigated and decided; no future order would affect that decision. Accordingly, the debtor could appeal immediately from the order.

In contrast, the portion of the 506(a) order that set specific dollar amounts on the creditor's claim was not a final order for purposes of appeal. The final value of the creditor's secured claim is determined by the value of the debtor's property at the date of plan confirmation. Therefore, the dollar amounts set in the 506(a) order were subject to change. The court concluded that that portion of the order was "not only not final, but that review [of fair market value] at this time would serve no useful purpose." *Id.* at 656.

The distinction the *Jablonski* court drew between the finality of orders that conclusively dispose of discrete legal issues and the interlocutory nature of orders that set preliminary findings of value is helpful to the determination of this case. The Bankruptcy Court's December 13, 2000 Memorandum and Order on Status of Claim holds that "Chase's contention that the value of its security interest is the sum of the fair market value of the underlying property ($75,000) plus the present value of the rental income stream ($183,908.46) is meritless." December 13, 2000 Order at 3–4, *quoting Thompson v. Chase*, No. 00–21213 (Bankr.D.Conn. Nov. 21, 2000) (ruling on the debtor's motions for determination of secured status). In its 506(a) order, the Bankruptcy Court did not merely set value, it stated a legal conclusion about how the value of the security interest should be calculated. Though the subsequent plan confirmation might alter the dollar amounts set at the time of the 506(a) order, it would not affect the court's resolution of the legal issue. Thus, to the extent it decided an issue of law, the 506(a) order "finally dispose[d] of discrete disputes within the larger case," *Chateaugay*, 880 F.2d at 1511, and was immediately appealable. *Cf. In re Travelers Motor Inn*, 181 B.R. 6, 7 (N.D.N.Y.1995) (holding that valuation under section 506(a) is final order for purposes of appeal "when it is made in conjunction with and for the purpose of plan confirmation.").

█ The conclusion that Chase was permitted to appeal from a portion of the 506(a) order raises the question whether Chase was required to do so. The confirmation of a debtor's plan is certainly a final order from which an appeal can be taken—unless an appeal is precluded by the failure to appeal from an earlier final order incorporated into the confirmation order. As a general rule, [t]he opportunity for an earlier appeal is intended to protect the appellant, not to forfeit the right to later review. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4433, at 307–08 (1st ed. 1981 & Supp. 2001). Based on this proposition, the Second Circuit has analyzed whether the failure to bring an appeal of a bankruptcy order at the earliest opportunity precludes appeal at a later stage of the bankruptcy proceeding. *See In re American Preferred Prescription, Inc.*, 255 F.3d 87 (2d Cir.2001) ("[S]ome orders of bankruptcy courts, entered in the course of Chapter 11 proceedings prior to confirmation, are final judgments, which if not timely appealed ..., are entitled to *res judicata* effect.... If an appeal would lie and is not pursued, there would be a substantial argument that a party with an opportunity to appeal would be precluded from a subsequent challenge.") (citations omitted).[1]

"Favoring preclusion is the risk to the orderly consummation of the [confirmation] plan." *Id.* at 93. A determination under section 506(a) about how a claim will be bifurcated is a significant order. Subsequent decisions affecting the confirmation plan may rely on the earlier 506(a) order. An appeal of a 506(a) order after plan confirmation might affect those subsequent determinations, thus casting the whole confirmation plan into doubt, while an earlier appeal would have only affected determinations made in the 506(a) order.

"Opposing preclusion is the risk of precipitating extra appeals." *Id.* When the court issues a 506(a) order on a legal issue, there is no immediate effect on the rights

---

1. *In re American Preferred Prescription, Inc.* concerned the appeal of a post-confirmation order. Although this case involves a pre-confirmation order, the policies underlying preclusion are essentially the same.

of the parties. The court has decided the framework for bifurcation that will control at the time of plan confirmation. Because "the specific amounts of secured and unsecured claims depend on the value of the property as of the date of confirmation," until the plan has been confirmed, the parties cannot always predict the degree to which the 506(a) order will actually affect their interests. *Jablonski,* 88 B.R. at 655. As creditor's counsel admitted at oral argument of the present motion, often the plan will never go to confirmation. On other occasions, a Chapter 13 case will be dismissed and will only reach confirmation on the second or third filing.

Requiring immediate appeal of 506(a) orders will result in the introduction of unnecessary bankruptcy appeals because parties will file precautionary appeals "only to protect their position in the event that the order is subsequently applied to affect their rights." *American Preferred Prescription,* 255 F.3d at 94. Additionally, requiring a pre-confirmation appeal from a 506(a) order will potentially cause unnecessary delay and cost. The bankruptcy proceeding could stall as the potentially unnecessary appeal lingered on the district court docket. Allowing parties, instead, to appeal final 506(a) orders from plan confirmation, even if they could have appealed earlier, would keep the bankruptcy process moving forward and would permit parties to prepare a single appeal if their interests were actually affected by the final determination of the amounts of secured and unsecured claims.

Given the nature of Chapter 13 proceedings, the factors counseling against preclusion for appeals of final 506(a) orders outweigh those favoring preclusion. Chapter 13 plans often endure a precarious road to confirmation. Many are dismissed before confirmation or only make it to confirmation after much time and effort. Accord-

ingly, any extra doubt that permitting a 506(a) appeal from a plan confirmation would introduce into the proceedings appears slight. In contrast, forcing immediate 506(a) appeals would further burden the Chapter 13 process with delay and cost.

■ Finally, the Trustee contends that, even if an appeal from a 506(a) order may be brought from the plan confirmation, Chase forfeited its right to appeal by not renewing its objection to the 506(a) order at the confirmation hearing. Chase argues that it was not required to raise its objection to the 506(a) order at the confirmation hearing because it had objected to and fully litigated the issue at the earlier hearing on the 506(a) motion. In its 506(a) order the Bankruptcy Court referred to Chase's claim as "meritless." December 13, 2000 Order at 3–4. The issue had been fully litigated, the Court was aware of Chase's objection and had issued a final ruling on the matter. Requiring Chase to make another, pro forma objection to the Court's ruling at the hearing on plan confirmation would be futile and needlessly formalistic under the circumstances of this case. Thus, the Trustee's contention that Chase waved its right to appeal from the plan confirmation is without merit.

## CONCLUSION

A 506(a) order deciding an issue of law is a final order, subject to appeal under 28 U.S.C. § 158(a)(1). The right to immediately appeal a 506(a) order does not preclude appeal of the 506(a) order from plan confirmation. Renewal of previous objection to 506(a) valuation at the confirmation hearing is not required to preserve the right to appeal, provided the objection was clearly made and fully litigated at an earlier point in the proceeding. Accordingly,

the Trustee's motion to dismiss appeal (doc. # 5) is DENIED.

It is so ordered.